# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| TRAVIS PAVLICEK, as parent and natural guardian of C.P., a minor, | * * * |
| Petitioner, | * No. 19-1573V * Special Master Christian J. Moran * |
| v. | * * Filed: May 28, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * Entitlement; dismissal. * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * *

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner;
Emilie Williams, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Travis Pavlicek alleged, on behalf of his minor son C.P., that the Diphtheria, tetanus, and acellular pertussis ("DTap"), inactivated poliovirus ("IPV"), and measles, mumps, and rubella ("MMR") vaccines he received on May 8, 2018, caused him to suffer narcolepsy. Pet., filed Oct. 9, 2019, at 1. On May 13, 2021, Mr. Pavlicek moved for a decision dismissing his petition.

### I. Procedural History

Travis Pavlicek ("petitioner") filed a petition on October 9, 2019, on behalf of his minor son C.P. Along with his petitioner, he filed relevant medical records, which were complete on October 10, 2019. The Secretary then filed his Rule 4(c)

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

report on March 2, 2020. In the report, the Secretary challenged causation. Resp't's Rep. at 8-10.

The parties then filed expert reports. Petitioner filed an expert report and supplemental expert report from Dr. Nahm on April 16, 2020, and June 1, 2020, respectively. Respondent then filed responsive expert reports from Dr. Dye and Dr. MacGinnitie on September 23, 2020. On January 27, 2021, petitioner filed a status report stating that he did not wish to submit an additional expert report. Thus, the expert report stage concluded.

On February 19, 2021, the undersigned issued and order for submissions in advance of potential adjudication, along with a tentative finding regarding entitlement. In this tentative finding, the undersigned found that, based on the evidence submitted at that time, petitioner "ha[d] not met his burden of establishing molecular mimicry as a persuasive theory to explain how vaccines can cause narcolepsy." Tentative Finding Denying Entitlement, filed Feb. 19, 2021, at 2. This was due to the relative qualifications of the experts, as well as a lack of sufficient evidence regarding appropriate timing to satisfy Althen prong 3.

A status conference was then held on March 11, 2021, in which petitioner's counsel stated that she wished to consult with Dr. Steinman before deciding whether to move to dismiss the case or proceed to the briefing stage. On May 13, 2021, petitioner filed a motion for a decision dismissing his petition. Respondent did not file a response to this motion. Thus, this motion is ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and expert reports in support of his claim, but wishes to have his claim dismissed and judgment entered against

him. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed May 13, 2021, ¶¶ 11, 13.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, as addressed in the tentative finding denying entitlement issued on February 19, 2021, based on the medical records and expert reports submitted, petitioner has not met his burden to prove that the vaccines C.P. received caused his narcolepsy. As detailed in this tentative finding, respondent's experts have greatly superior qualifications in the relevant areas, when compared to petitioner's expert. Dr. Nahm's theory regarding molecular mimicry was not specific enough to the allegedly causal vaccine(s) or the body tissue attacked in narcolepsy, to prove persuasive enough to meet petitioner's burden for Althen prong 1. Petitioner also failed to present sufficiently persuasive evidence to establish appropriate timing that would satisfy Althen prong 3. Dr. Dye, who has stronger qualifications in the field of childhood sleep disorders than Dr. Nahm, opined that C.P. suffered from narcolepsy before vaccination. Additionally, even putting this aside, the onset time frame that Dr. Nahm presents would be unlikely to satisfy petitioner's burden. If petitioner is unlikely to establish prong 1 or prong 3, it follows that petitioner cannot establish prong 2. See Caves v. Sec'y of Health & Human Servs., 100 Fed. Cl. 199, 145 (2011), aff'd without op., 463 Fed. App'x 932 (Fed. Cir. 2012).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

> s/Christian J. Moran
> Christian J. Moran
> Special Master