# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | |
| TRAVIS PAVLICEK as parent * | |
| and natural guardian of C.P., * | |
| a minor, * | |
| * | No. 19-1573V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: August 12, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * | |

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Travis Pavlicek's motion for final attorneys' fees and costs. He is awarded **$33,568.86**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 9, 2019, petitioner, on behalf of his minor son C.P., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the diphtheria-tetanus-acellular pertussis, inactivated poliovirus, and measles, mumps, and rubella vaccines C.P. received on May 8, 2018, caused him to suffer narcolepsy. Following the submission of expert reports, the undersigned issued his tentative findings regarding entitlement, stating that based upon the evidence submitted at the time, petitioner "ha[d] not met his burden of establishing molecular mimicry as a persuasive theory to explain how vaccines can cause narcolepsy." Tentative Finding Denying Entitlement, filed Feb. 19, 2021. Thereafter, petitioner conferred with an additional expert but eventually moved for a decision dismissing his petition. On May 28, 2021, the undersigned issued his decision dismissing the petition for insufficient proof. 2021 WL 2579859.

On August 18, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $21,023.30 and attorneys' costs of $13,011.06 for a total request of $34,034.36. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. Id. On September 10, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*    \*    \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that good faith and reasonable basis have been satisfied. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.") A final award of reasonable attorneys' fees

and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests the following rates of compensation for the work of her counsel, Ms. Amy Senerth: $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, and $300.00 per hour for work performed in 2021. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Edwards v. Sec'y of Health & Human Servs., No. 19-338V, 2021 WL 5026824 (Fed. Cl. Spec. Mstr. Sept. 29, 2021). Accordingly, the requested hourly rates are reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. However, a small reduction must be made to account for administrative tasks such as paralegals filing documents and attorneys billing time to direct their filing. See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). The undersigned will reduce the final award of fees by $465.50 to account for these issues. Petitioner is awarded final attorneys' fees of $20,557.80.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $13,011.06 in attorneys' costs. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. Frederick Nahm. Dr. Nahm's invoice presents a reasonable number of hours for reviewing records and preparing two expert reports (25.0 hours) and a reasonable hourly rate which the undersigned has previously accepted ($500.00 per hour). Karapetian v. Sec'y of Health & Human Servs., No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022). The remainder of the costs have been supported by the necessary documentation and are also reasonable.

Petitioner is therefore awarded final attorneys' costs of $13,011.06.

D.     Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$33,568.86** (representing $20,557.80 in attorneys' fees and $13,011.06 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Amy Senerth.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.